## TOWNSEND vs. JONES ET AL.

[DETINUE TO RECOVER MULES.]

*Debt of another ; promise to answer for ; what is.—J.* gave a mortgage to T. on two mules and his crop of cotton, to secure the payment of $500. He was indebted to him about the same amount in addition. He and T. disputing about the debt to which the cotton should be applied, D. proposed to give his note to T. for the unsecured debt, and take a mortgage on the mules for his reimbursement, the existing mortgage to be satisfied with the cotton, and J. to join with him in renting land from T. for the next year. T., in pursuance of the agreement, received the cotton in satisfaction of his mortgage, and J., after promising to execute the agreement on a subsequent day, and obtaining the credit on his mortgage debt, refused to consummate it. He insisted all the time that his payment should be so appropriated.—*Held*, that the agreement was void, because not in writing, and that J. had the right to apply his payment as he preferred.

APPEAL from the City Court of Montgomery.
Tried before Hon. JOHN D. CUNNINGHAM.

THE appellees sued to recover two mules which were in the possession of the appellant.

The plaintiffs were the tenants of the defendant during the year 1869, and were indebted to him $500 for the purchase of the mules, and about the same amount for advances made to procure supplies for the year. The purchase-money for the mules was secured by a mortgage on them, and also on the crop to be raised by the plaintiffs in that year. The advances were unsecured, except by a verbal agreement to that effect, which was controverted.

Towards the close of the year, the parties met at the store of Dreyfus, in Montgomery, when a dispute arose between them about the disposition of five bales of cotton which the plaintiffs had with them. The defendant insisted that the proceeds of their sale should be credited on his account for the advances, while the others claimed that the credit must be given on the mortgage debt. Dreyfus

then proposed that he and the plaintiffs should rent land from the defendant for the next year, 1870, he should give his note to the defendant for the amount of the advances, and take a mortgage on the mules, the existing mortgage on them to be satisfied with the proceeds of the cotton. This proposition was assented to by all of the parties. But a future day being appointed to consummate the agreement, the plaintiffs refused to do so.

They, however, obtained from the defendant a receipt for $500, expressed to be in satisfaction of the mortgage. He says it was given in pursuance of the agreement. They say it was not. After the agreement was abandoned, the defendant went upon the premises of the plaintiffs and took the mules.

The court charged the jury, at the instance of the plaintiffs, that a mortgage of mules may be satisfied verbally; that a debtor has the right to direct on which of two debts his payment shall be credited; that a promise to answer for the debt of another is void, unless in writing, expressing the consideration, and subscribed by the party to be charged; that if Dreyfus promised verbally only to assume the debt of Jones, already contracted, the promise was void. The possession by the mortgagor of a note secured by mortgage, is *prima-facie* evidence of the satisfaction of the mortgage, and the payment of the note is a satisfaction. If, at the time of the supposed verbal agreement between the parties and Dreyfus, the plaintiffs paid the defendant a sufficient sum of money to extinguish the mortgage debt, with directions to apply it to that debt, the mortgage was discharged; that if the plaintiffs owed the defendant in addition to the mortgage debt, and paid him money intending to satisfy the mortgage debt, and the defendant took the money with a knowledge of the intention of the debtors, and at the time of the payment, as a part of the transaction, the plaintiffs agreed to secure the other debt by a note of a third person, or otherwise, the subsequent breach of this agreement by the plaintiffs would not give validity to the mortgage satisfied by the payment of the debt it was intended to secure.

The defendant appeals, and assigns the charge as error.

STONE, CLOPTON & CLANTON, and JUDGE & HOLTZCLAW. for appellant.

WATTS & TROY, contra.

B. F. SAFFOLD, J.—We see no error in the charge given. The agreement proposed by Dreyfus was not executed. The defendant acquired no right against Dreyfus, nor did the latter obtain any against the plaintiffs. The defendant's consent, under the supposition of the charge, was not necessary to a credit of the payment received by him on the mortgage debt. If he had a superior claim to appropriate the payment to his other debt he ought to have propounded it.

The judgment is affirmed.